IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JELANI LEE | : | |
| and | : | |
| TOMMY SPURILL | : | |
| and | : | |
| JAMES KOLLORE | : | NO.  05-216-2, 3 |

**Stengel, J.**                                                                                                   **April 11, 2006**

**MEMORANDUM**

Jelani Lee has filed a motion to preclude the testimony at trial of Herbert Hughes. Lee also seeks to preclude the admission of a letter he allegedly wrote that found its way into Hughes' possession and was eventually given to the police.

On March 8, 2005, Herbert Hughes was incarcerated at Lancaster County Prison. Hughes was a cellmate of Tommy Spurill, one of Jelani Lee's codefendants.  Through Spurill, Hughes came into possession of a letter purportedly written by Jelani Lee.  The letter refers to the circumstances of Lee's arrest and discusses, inter alia, retribution against or intimidation of a witness in his case, Linsey Boyer.

When the police came in possession of the Jelani Lee letter, they interviewed Herbert Hughes, who gave them information he had purportedly obtained from his cell mate, Tommy Spurill.  Hughes also related to the police conversations he had with "C-

Lo" (an alias used by Jelani Lee). Apparently Hughes and Lee discussed some of the circumstances surrounding the arrest of Lee and Spurill.

The police then interviewed Linsey Boyer on two occasions, March 4, 2005 and March 17, 2005. Linsey Boyer was in the car, along with Lee, Spurill and a third defendant, James Kollore, at the time of the arrest.

Jelani Lee is asking the Court to preclude the use of certain statements made by Lee to Hughes or statements from Jelani Lee's letter. These statements are: (1) that Spurill was angry with Jelani Lee for not getting him out of jail; (2) that Lee was angry with Spurill for bringing Ms. Boyer along with the young men in the car; (3) Lee would "beat his case" because of illegal police procedure; (4) Ms. Boyer should plead guilty because the drugs were found on her; (5) Lee's girlfriend had between $34,000 and $40,000 of his money; and (6) Lee wanted to pay someone to "beat up" Ms. Boyer.

These statements are all relevant to issues involved in the trial of this case. Lee is charged with possession with intent to deliver cocaine. Lee, Kollore and Spurill were arrested together after a car Lee was operating was stopped by the Lancaster City Police. The relationship among these three defendants will be important at trial, as will be their knowledge and intent with respect to the cocaine found in the car. At a minimum, Spurill's "anger" at Lee for not getting him out of jail would support the government's contention that Lee was the leader of these three defendants, and that Spurill had some belief, based upon that relationship, that Lee should get him out of jail. Ms. Boyer's

testimony concerning Lee's promise of bail money corroborates the testimony of Herbert Hughes that Spurill was expecting Lee to bail him out of jail.

Lee's "anger" at Spurill for bringing Ms. Boyer along with them also supports the government's position that Lee was the ringleader of the group. Lee's state of mind, i.e., anger at Spurill for involving Boyer, suggests his awareness that their activity on the evening of the arrest was criminal.

Lee's belief that he would "beat his case" may or may not be relevant in this case. It will be necessary for the Court to consider these comments in the context of the evidence presented at trial. For now, the motion will be denied without prejudice to Jelani Lee's ability to raise the issue at the time of the trial.

The statement by Lee that Boyer should plead guilty is a clear statement of his knowledge that drugs were in the car, that drugs were found on Boyer, and that the possession of those drugs would lead to criminal liability. This testimony will buttress Boyer's testimony at trial that she was told by Lee and the others to hide the cocaine when the police were pulling them over.

Lee's statement that his girlfriend had between $34,000 and $40,000 of his money would also be further evidence of his involvement in drug trafficking. The government has the burden of showing who possessed the cocaine and for what purpose. Lee's possession of a large amount of money in connection with his possession, actual or constructive, of cocaine, would be an important fact on the issue of his state of mind.

Lee's statement that he wanted to pay someone to "beat up Ms. Boyer" is a clear statement of consciousness of guilt. Ms. Boyer appears to be the primary witness against Lee, Spurill and Kollore, and threatening her or intimidating her because of her particular role in this case is an expression of his consciousness of guilt.

At the time the statements were made to Hughes, he was not acting as an agent of the government. In fact, there is no evidence in this record so far that Hughes has ever acted as an agent of the government. Hughes was incarcerated and may have been hoping for benefit from the government were he to assist them. This does not make him an agent and there is no evidence that the government "set him up" or took any action that would place him in an agency relationship with the prosecution.

For these reasons, Lee's motion to preclude the testimony of Herbert Hughes and to preclude the use of the letter turned over by Hughes will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JELANI LEE | : | |
| and | : | |
| TOMMY SPURILL | : | |
| and | : | |
| JAMES KOLLORE | : | NO.  05-216-2, 3 |

## ORDER

AND NOW, this 11th day of April, 2006, upon careful consideration of the defendant Jelani Lee's motion and the government's response, it is hereby **ORDERED** that defendant, Jelani Lee's motions to preclude and suppress the testimony of Herbert Hughes (Doc. # 69) is **DENIED.**

BY THE COURT:


 s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.